**NORTH AMERICAN FUNDING CORPORATION, Plaintiff,**

v.

**Toby SOLOMON, Esq., Defendant.**

**No. 90 Civ. 0589 (RPP).**

United States District Court, S.D. New York.

April 3, 1991.

Hill, Betts & Nash by Steven A. Lucia, New York City, for plaintiff.

D'Amato & Lynch by Robert E. Meshel, New York City, for defendant.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendant has moved for an order pursuant to Rules 11, 37(a) and 37(b) of the Federal Rules of Civil Procedure directing plaintiff (1) to produce certain documents allegedly previously demanded and ordered to be produced by this Court, (2) to conduct a thorough search of its records to be sure that all relevant documents have been produced, (3) to compel Sandy Wong, Vice President of plaintiff, to appear for further

deposition, and awarding defendant sanctions against plaintiff in the amount of $950.00, and for such further relief as this Court may deem just and proper.

Defendant commenced the deposition of Sandy Wong, Vice President of plaintiff, on December 13, 1990, during which deposition plaintiff's counsel instructed the witness not to answer certain questions directed to him by defense counsel. Plaintiff counsel's instructions to the witness were apparently based on the Court's order of July 10, 1990, by which the Court narrowed extremely broad and harassing document requests by defense counsel. Upon defense counsel's application to the Court, plaintiff's counsel was instructed to allow Sandy Wong to answer the defense counsel's questions. Upon resumption of the deposition on December 14, 1990, a dispute arose over the appropriateness of further documentary requests by defense counsel. The deposition was adjourned to permit defense counsel to make application to this Court. On this motion to compel defense counsel resorts to the same tactic as in his earlier document requests, seeking by letter of March 4, 1991 "all" correspondence files of plaintiff and "all" banking records of plaintiff and plaintiff's year-end financial statements and tax returns, without demonstrating the relevance of such broad requests. Also sought are handwritten damage calculations of Sandy Wong claimed to have been made for his attorney's use.

Many of the documents now requested were denied by the Court's order of July 10, 1990 because defendant failed to show how they could lead to relevant evidence in this action. Defense counsel has done little better on this motion. Furthermore, defendant's tactics are suspect. Although the dispute as to document production arose at Mr. Sandy Wong's deposition adjourned date, December 14, 1990, counsel waited until well after the scheduled close of discovery, January 14, 1991 to bring this motion on February 6, 1991. Despite this lack of promptitude, the Court will order certain documents hereinafter described to be produced. It will not, however, order further deposition of Mr. Wong. Defense counsel has, by its delay, waived any right it may have had to continue discovery.

With respect to these documents that are to be produced, plaintiff has offered to produce the loan application to the Sang Seng Bank and it is hereby ordered to produce it. Furthermore, the defendant has shown the possible relevance of the corporate minute books, if any exist, showing discussion concerning the firing of Franklin Wong, the obtaining credit during the relevant time period, and any authorization to bring this action. To the extent those actions are reflected in the corporate minutes the relevant excerpts will be produced for defense counsel, together with a notation designating the date of any minutes excerpted. Plaintiff is also required to give defense counsel a list of all payments to Franklin Wong in the relevant time period to confirm his status or lack of status as an officer of plaintiff during this period. The handwritten damage calculations of Sandy Wong are stated to have been prepared at counsel's instructions for his use and are not producible.

Document production will be made by April 12, 1991. A joint pretrial order will be due on April 17, 1991, and trial conference will be held on April 22, 1991 at 9:00 a.m. at the United States Courthouse, Foley Square, Courtroom 302.

The request for sanctions is denied.

IT IS SO ORDERED.